JS - 6

LINKS: 17, 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-3022 GAF (PLAx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | K-Swiss Inc. v. Puma AG Rudolf Dassler Sport | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**

### ORDER RE: DISMISSAL

### I. INTRODUCTION

    This matter is before the Court on the respective Motions to Dismiss, Transfer, or Stay of Puma North America, Inc. ("PUMA NA") and Puma AG Rudolf Dassler Sport ("PUMA AG") (collectively, "Defendants").  Defendants have moved to dismiss, stay, or transfer this action for declaratory relief, which Plaintiff K-Swiss, Inc. filed on Thursday, April 30, 2009, to the District of Massachusetts.  Pending in that district is an infringement suit, which was filed by Defendants on Monday, May 4, 2009.  Both suits have identical parties and identical trademark issues.

    The Court has considered the papers filed in support of and in opposition to these two motions, and deems this matter appropriate for resolution without oral argument.  C.D. Cal. R. 7-15.  Accordingly, the hearing scheduled for Monday, July 13, 2009 is hereby **VACATED**.

### II.  BACKGROUND

    This case arises out of a dispute between Defendants and K-Swiss over the purported use of Defendants' trademarks on K-Swiss merchandise. The dispute commenced with a series of exchanges between the parties initiated by a March 2, 2009 cease and desist letter from PUMA AG to K-Swiss claiming that K-Swiss  was violating PUMA AG's trademark rights and seeking

JS - 6

LINKS: 17, 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3022 GAF (PLAx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | K-Swiss Inc. v. Puma AG Rudolf Dassler Sport | | |

to resolve the dispute without litigation.[1]  (See Haight Decl., Exs. C-E.)  PUMA AG gave K-Swiss until April 30, 2009, to cease infringement or PUMA AG would be "compelled to seek for [sic] a legal solution of this issue by enforcing our rights in our full discretion by all available legal measures."  (Id., Ex. E.)  On April 30, 2009, K-Swiss responded with a preemptive declaratory judgment action filed in this Court seeking a determination that its use of the "Eyelet Strip" is not infringing or otherwise violating any protectable trademark rights of Defendants.

Two business days after this complaint was filed, which was three days before PUMA AG was served (see Docket No. 5), PUMA AG and PUMA NA filed suit against K-Swiss in the District of Massachusetts alleging trademark infringement of the same marks and involving the same issues as are at issue in this case.[2]  (See id., Ex. A.)  The PUMA Defendants now seek to dismiss K-Swiss's action in this Court on the ground that they are the true plaintiffs since PUMA AG is the holder of the trademarks at issue and PUMA NA is the exclusive licensee in the United States.

The record before the Court strongly suggests that K-Swiss filed the action to ensure its choice of forum would prevail should litigation ensue.  Because the Court concludes K-Swiss's action was initiated in anticipation of PUMA AG's litigation and was a clear attempt to deprive PUMA AG and PUMA NA of their choice of forum, the Court declines to exercise jurisdiction over this case under the Federal Declaratory Judgment Act.  Defendants' motions are **GRANTED**.  The case is **DISMISSED**.

### III.  DISCUSSION

A.  LEGAL STANDARD GOVERNING MOTIONS TO DISMISS

The Court is vested with discretion to determine whether declaratory relief is necessary or proper taking into account the particular facts and circumstances of the case before it.  28 U.S.C. § 2201; Huth v. Hartford Ins. Co., 298 F.3d 800, 802 (9th Cir. 2002) ("The exercise of jurisdiction under the Federal Declaratory Judgment Act . . . is committed to the sound discretion

---

[1] Specifically, Defendants contend K-Swiss is infringing U.S. Registration Nos. 3369752, 1135790, and 1256945.

[2] PUMA NA is the exclusive licensee in the United States of the relevant trademarks. (Lederhilger Decl. ¶ 11.)

JS - 6

LINKS: 17, 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3022 GAF (PLAx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | K-Swiss Inc. v. Puma AG Rudolf Dassler Sport | | |

of the federal district courts."). Federal comity permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982); Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). This is known as the first to file rule. Pacesetter, 678 F.2d at 95. According to the rule, where there is duplicative litigation, the court in the second action to be filed would normally dismiss its action in favor of the first action to be filed. Id. However, the rule is a flexible one and "the Court may, in its discretion, rely on equitable grounds, such as 'when the filing of the first suit evidences bad faith, anticipatory suit, or forum shopping,' to determine whether to depart from the first to file rule." Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006) (quoting Inherent.com, 420 F. Supp. 2d at 1097); see also Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 628 (9th Cir. 1991) ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping. . . . [D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." (citations omitted)). If a district court determines a declaratory judgment action is an anticipatory suit, it may dismiss the first-filed action. Xoxide, Inc., 448 F. Supp. 2d at 1193.

B.  FIRST TO FILE RULE

   *1. The Rule and Its Limitations*

K-Swiss argues that this action must be granted preference under the first to file rule. Application of the first to file rule here, where the parties filed nearly simultaneous actions in competing jurisdictions, would invoke none of the merits of the rule and would promote a race to the courthouse. Other courts, in other contexts, have concluded that the first to file rule is of no utility where competing cases are filed within a short interval of one another. See, e.g., Mobil Oil Exploration Co. v. Fed. Energy Regulatory Comm'n, 814 F.2d 998 (5th Cir. 1987) (cases filed less than a second apart); see also Ashe v. Pepsico, Inc., 443 F. Supp. 84 (S.D.N.Y. 1977) (cases filed on the same day). K-Swiss filed this complaint only two business days before Defendants filed their complaint in Massachusetts and in clear anticipation of Defendants' suit to enforce their trademark rights. Considering this relatively short time period between the two filings, the importance of the earlier filing date is diminished. See Z-Line Designs, Inc. v. Bell'O Int'l, LLC, 218 F.R.D. 663, 667 (N.D. Cal. 2003) (refusing to apply first to file rule where two days separated two actions); Recoton Corp. v. Allsop, Inc., 999 F. Supp. 574, 577 (S.D.N.Y. 1998) (two days); Riviera Trading Corp. v. Oakley, Inc., 944 F. Supp. 1150, 1159

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3022 GAF (PLAx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | K-Swiss Inc. v. Puma AG Rudolf Dassler Sport | | |

(S.D.N.Y. 1996) (four days); Capitol Records, Inc. v. Optical Recording Corp., 810 F. Supp. 1350, 1355 (S.D.N.Y. 1992) (20 days).  The Court declines to apply a "rigid mechanical solution," and therefore concludes that the first to file rule is of limited value in resolving the dispute here.  See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952).

### 2. The Anticipatory Filing Jurisprudence

Because the cases were filed within days of each other, the Court turns to the anticipatory filing cases for guidance.  Those case teach that when, as here, a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action brought by the true plaintiff in the dispute to proceed to judgment rather than the first.  See Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2d Cir. 1978); Xoxide, 448 F. Supp. 2d at 1194; Charles Schwab & Co. v. Duffy, 49 U.S.P.Q. 2d 1862, 1864 (N.D. Cal. Dec. 8, 1998); Riviera Trading Corp., 944 F. Supp. at 1159.  There is very little doubt that this case was filed in anticipation of the Defendants' contemplated infringement action.

K-Swiss was warned in the March 2, 2009 letter, which was self-described as "Official Warning Letter – Trademark Infringement," that PUMA AG believed K-Swiss was advertising and selling infringing shoes.  (Haight Decl., Ex. C.)  The letter demanded that K-Swiss stop its infringement, disclose relevant information about the extent of its past infringement, promise to destroy the remaining infringing products, and sign an "Undertaking" agreeing to take such action.  (Id.)  PUMA AG gave K-Swiss until March 20, 2009 to respond or PUMA AG would "be compelled to enforce our rights in our full discretion by court or otherwise."  (Id.)  K-Swiss's attorneys responded that PUMA AG was improperly claiming overbroad rights and that its allegations of trademark infringement lacked merit.  (Id., Ex. D.)  Nevertheless, K-Swiss indicated it was "willing to cease the placement of further orders" for the allegedly infringing shoes but would make no amends for those shoes previously ordered or sold.  K-Swiss asked PUMA AG to respond by April 13, 2009 if this resolution was acceptable.  (Id.)  On April 9, 2009, PUMA AG rejected the proposal and gave K-Swiss a deadline of April 30, 2009 by which to comply with the demands of PUMA AG's first warning letter.  (Id., Ex. E.)  On April 30, 2009, while PUMA AG was awaiting a response, K-Swiss filed this declaratory judgment action.

### IV.  CONCLUSION

Given the record before it, the Court finds that PUMA AG provided K-Swiss with

JS - 6

**LINKS: 17, 18**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3022 GAF (PLAx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | K-Swiss Inc. v. Puma AG Rudolf Dassler Sport | | |

"'specific, concrete indications that a suit [] was imminent,'" and that this suit should be dismissed as anticipatory. Xoxide, 448 F. Supp. 2d at 1193 (quoting Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998)). For these reasons, the Court in the exercise of its discretion under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), declines to exercise jurisdiction over this declaratory judgment action. The motion to dismiss is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE** to K-Swiss's rights to present any appropriate claims and arguments in the Massachusetts lawsuit.

**IT IS SO ORDERED.**